# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MOTION FOR RETURN OF |
| Movant, | : | PROPERTY |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0196-WBH-JFK-1 |
| PATRICK I. CHIKELUBA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-2394-WBH-JFK |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Movant, Patrick I. Chikeluba, seeks the return of property under Federal Rule of Criminal Procedure 41(g). The matter is before the Court on (1) Movant's Rule 41(g) motion, (Doc. No. 36), the government's response, (Doc. No. 38), Movant's amended Rule 41(g) motion, (Doc. No. 41), Movant's reply to the government's response, (Doc. No. 42), the government's reply to Movant's reply and amended Rule 41(g) motion, (Doc. No. 43), and Movant's second reply, (Doc. No. 44); (2) Movant's response to the Court's ruling setting a hearing, (Doc. No. 49); and (3) Respondent's post-hearing supplemental brief, (Doc. No. 51) and Movant's post-hearing response, (Doc. No. 53).

**I.    Discussion**

   **A.    Background**

On April 8, 2010, officials arrested Movant at the Atlanta airport for importing and possessing with intent to distribute heroin, and, during the course of the arrest, officials seized various items, including a travel bag, money, and other articles. (See Doc. Nos. 7, 36, 42). On April 11, 2010, Movant signed a Baggage Release Notice agreeing that within thirty days he was required to provide a legitimate name and address for a person who would accept his travel bag and its contents and that if he failed to do so, or if the address was found invalid, his bag would be considered abandoned and would be destroyed. (Doc. No. 38, Attach.). On that same day, Movant provided the address of his wife in Nigeria. (Id.). On October 14, 2010, the bag was destroyed. (Doc. No. 49, Attach.).

Movant pleaded guilty to importing and possessing with intent to distribute heroin, and on November 9, 2010, the Court imposed two concurrent fifty-seven month terms of imprisonment and ordered that Movant's right and title to $900 seized on April 8, 2010, was forfeited under 21 U.S.C. §§ 853, 970 (providing for criminal forfeiture). (Doc. Nos. 28, 29). Movant's counsel signed the consent preliminary order of forfeiture, which was filed in open court on the day of sentencing. (Doc. Nos.

2

27, 29). After notice of the forfeiture was posted for the required time period to provide notice to third parties, on February 28, 2011, the Court entered a final order of forfeiture on the $900. (Doc. Nos. 30, 34).

### B. Motion for Return of Property, Order Setting Hearing, and Movant's Response

On December 19, 2011, Movant filed his instant motion for return of property under Fed. R. Crim. P. 41(g). (Doc. No. 36). Movant sought the return of (1) his Nigerian passport and driver's license; (2) a Visa card; (3) two mobile telephones; (4) one blue Mirage travel bag, which contained four prayer books, one wrist watch, one pair of prescription glasses, articles of clothing, and a gold wedding band (hereinafter referred to collectively as "personal property" or "the travel bag");[1] (6) Subscriber Identity Module ("SIM") cards; and (7) the $900 in currency that was seized on April 8, 2010.[2] (Doc. No. 36; Doc. No. 41, Attach.; Doc. No. 42 at 1-2). The government did not object to the return of a cash card, the Visa card, or the two

---

[1] Movant also sought damages for property that the government negligently destroyed. (Doc. No. 42 at 3-4).

[2] Movant stated that the amount actually seized on April 8, 2010, was $1,100 and that "[t]he government later took $200 from the $1,100 and used it to pay [Movant's] restitution fees." (Doc. No. 42 at 8). Movant stated that he had "no issue with the $200" but asked that the $900 be returned. (Id.).

3

mobile telephones; asserted that the travel bag was unavailable because it had been destroyed; and objected to the return of the SIM cards (unless they were erased), the passport, and the driver's license. (Doc. No. 38 at 3-5).

The Court, citing United States v. Howell, 425 F.3d 971 (11th Cir. 2005), for a basic outline of Rule 41(g), informed the parties (1) that it appeared the parties agreed that the government should release the cash card, the Visa card, and the two mobile phones; (2) that the government was entitled to retain Movant's passport; (3) that Rule 41(g) was unavailable for the recovery of the forfeited $900; (4) that money damages were unavailable for any destroyed property; and (5) that it would hold a hearing on the following issues – who should retain Movant's Nigerian driver's license, whether the SIM cards should be erased, and whether the travel bag had been destroyed. (Doc. No. 48 at 7-8).

Movant responded regarding his passport and driver's license, the forfeited $900, and the proper relief for destroyed property. (Doc. No. 49). Movant argued that the government should be required to send his passport and driver's license to his prison counselor or to the Nigerian Consulate. (Id. at 8-9). On the forfeited $900, Movant argued that Howell does not preclude using Rule 41(g) to recover forfeited funds in his case because the funds at issue in Howell had never belonged to the

4

defendant whereas the $900 did belong to Movant. (Doc. No. 49 at 4-5). Movant further asserted that the Court should consider all of the events surrounding the forfeited $900 before determining that Rule 41(g) was unavailable for the recovery of the forfeited money.[3] (Doc. No. 49 at 2-5). On the issue of destroyed property, Movant argued (1) that United States v. Williams, 130 F. App'x. 301, 302 (11th Cir. 2005) (citing Dusenbery v. United States, 534 U.S. 161 (2002)), requires the government to provide notice before it destroys a person's property and the government had offended due process by failing to do so; (2) that the Court should fashion an equitable remedy to compensate him for his loss; and (3) that the government waived sovereign immunity to damages when it failed to give him notice before destroying his personal property.[4] (Doc. No. 49 at 2-9).

---

[3]Movant asserted that the Court should consider (1) his lack of proper notice regarding the forfeiture, (2) the incongruent fact that $1,100 was seized and that $900 was forfeited as "dirty money" and $200 was deemed "clean money" for restitution fees, and (3) whether the $1,100 was properly considered drug money. (Doc. No. 49 at 2-5). Because, as discussed below, Rule 41(g) is unavailable to recover property forfeited by a criminal judgment, a review of the events surrounding the forfeiture would serve no purpose.

[4]Movant argued that United States v. Garcon, 406 F. App'x 366 (11th Cir. 2010), does not preclude damages in his case because he never forfeited or abandoned his personal property as did the defendant in Garcon. (Doc. No. 49 at 5-6). Garcon does not address damages, and this argument is not further addressed. Movant also cited United States v. Potes Ramirez, 260 F.3d 1310 (11th Cir. 2001), and United

5

### C. The Hearing and Post-Hearing Submissions

On September 13, 2012, the Court held a hearing, and the parties agreed that the government would return Movant's passport and driver's license to the Nigerian Consulate. (See Doc. No. 38 at 4; Doc. No. 49 at 9). The parties also agreed that the government would release Movant's cash card, Visa card, two mobile phones, and erased SIM cards to the name and address that Movant would provide by notice to the docket.

Special Agent Jennifer Sutton testified that she attempted to mail Movant's travel bag to Nigeria but was told by Federal Express that it could not ship the bag due to customs laws. Ms. Sutton testified that, after Movant's counsel would not take the travel bag, she ultimately destroyed it and its contents and that she retained none of Movant's personal property. Movant did not present anything to show otherwise. The government stated that if it had any of Movant's personal property in its possession it would not mind returning it, and the government agreed that it would file a supplemental statement verifying whether all of Movant's personal property had been turned over to Agent Sutton.

---

States v. Castro, 883 F.2d 1018, 1020 (11th Cir. 1989), (Doc. No. 49 at 6-8), which the Court has considered and included in the discussion below.

6

On September 27, 2012, the government filed its supplement stating that all of Movant's personal items were turned over to Agent Sutton and that she had destroyed the travel bag and all of its contents. (Doc. No. 51). On November 26, 2012, Movant provided the address for the return of his cash card, Visa card, two mobile phones, and erased SIM cards.[5] (Doc. No. 53, Attach.).

### D. Law and Recommendation

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government[,]" and "in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands." Howell, 425 F.3d at 974. In post-judgment Rule 41(g) proceedings, "the person from whom the property was seized is

---

[5]Movant also stated that he did not receive a copy of the government's supplemental brief and that he wishes to receive a copy so that he can review it and respond if necessary. (Doc. No. 53 at 2.) The government's supplemental brief did not add significantly to its previous submissions, and the Court finds that there is no need for any additional response or reply from Movant.

presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." Potes Ramirez, 260 F.3d at 1314 (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)) (internal quotation marks omitted).[6]

Notwithstanding, a movant retains no possessory interest in money forfeited in a criminal proceeding. United States v. Palacios Gonzalez, 372 F. App'x 996, 998 (11th Cir. 2010). Thus, Rule 41(g) is unavailable to recover property that has been forfeited to the government as part of a criminal sentence. United States v. Guerra, 426 F. App'x 694, 697 (11th Cir. 2011) (citing Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007), as "persuasive authority holding that a [movant] cannot use Rule 41(g) to challenge a criminal forfeiture order"). This is so whether the forfeited money originally belonged to the movant or was money belonging to the government that was used to set the stage to arrest the movant. Palacios Gonzalez, 372 F. App'x at 998 (holding that Rule 41(g) movant had no possessory interest in $500 that was referred to as personal property); Howell, 425 F.3d at 974 (holding that Rule 41(g) movant had no possessory interest in government money used to set the stage for his arrest).

---

[6]The court in Potes Ramirez refers to Rule 41(e), reclassified in 2002 as Rule 41(g), without any substantive changes. See United States v. Garza, No. 11–12394, 2012 WL 3238036, at *1 n.3 (11th Cir. Aug. 10, 2012).

8

Property in which a movant does retain a possessory interest generally should be returned to the movant or his representative, and a movant is entitled to reasonable notice before the government destroys the property or otherwise permanently deprives the movant of the property. United States v. Cardona-Sandoval, 518 F.3d 13, 15-16 (1st Cir. 2008); Williams, 130 F. App'x. at 302. After property has been destroyed, however, a movant has no right under Rule 41(g) to the return of property that the government no longer possesses. Garcon, 406 F. App'x at 369-70 (stating that whether a movant received proper notice that his property was deemed abandoned was not the question in a Rule 41(g) proceeding – the real question was whether the government had possession of the property). If the government states that the property has been destroyed, it must submit "at least some evidence of the property's destruction[,]" and it is within the "district court's discretion . . . to determine how the government should present evidence of the property's destruction." Potes Ramirez, 260 F.3d at 1314.

In the event the property has been destroyed and is no longer in the possession of the government, the Court retains power to fashion an equitable remedy under Rule 41(e) – now Rule 41(g). Potes Ramirez, 260 F.3d at 1314-15; Castro, 883 F.2d at 1020 (same). An equitable remedy generally consists of non-monetary relief "such as an

9

injunction or specific performance[.]" Blacks Law Dictionary (9th ed. 2009). Money damages are unavailable because "sovereign immunity protects the government from money damages sought under Rule 41(e)" – now Rule 41(g). Potes Ramirez, 260 F.3d at 1316.

> Sovereign immunity protects the government from lawsuits for damages unless immunity is expressly waived by statute. . . . A waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied. . . . Not only is there no express and unequivocal statutory waiver by Congress which would apply to [the movant's Rule 41(g) claims], but the Federal Tort Claims Act specifically prohibits money damages for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer." 28 U.S.C. § 2680(c). The Supreme Court has reaffirmed that the United States has not waived its sovereign immunity with respect to "a claim resulting from negligent handling or storage of detained property." Kosak v. United States, 465 U.S. 848, 854 . . . (1984)[.]

Potes Ramirez, 260 F.3d at 1315-16 (alteration in original) (first two citations omitted).

A grant of Movant's motion is recommended for all of the matters on which the parties agree – the government should release and send to the address provided by Movant the cash card, the Visa card, the two mobile telephones, and the erased SIM

10

cards, and the government should send Movant's passport[7] and driver's license to the Nigerian Consulate.

As to the $900, Rule 41(g) is unavailable to recover criminally forfeited funds (that the funds originally belonged to Movant and not the government makes no difference), and Movant's motion should be denied as to his request for a return of his forfeited funds. See Palacios Gonzalez, 372 F. App'x at 998. Further, the Court finds that the evidence – which shows that all of Movant's personal property was turned over to Agent Sutton and that Agent Sutton destroyed Movant's bag and everything therein and was aware of no personal property given to her that was not destroyed – shows that Movant's personal property was destroyed. Based thereon, the government cannot return the personal property. Movant is not entitled to damages, as stated in Potes Ramirez. To the extent that the government failed to provide Movant with adequate notice before it destroyed the property, that failure cannot be deemed to waive sovereign immunity. See 260 F.3d at 1315 ("A waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied."). The Court is aware of no appropriate equitable remedy under Rule 41(g).

---

[7]Although the government is not required to send Movant's passport to the Nigerian Consulate, (see Doc. 48 at 6-7), because the government has agreed to do so, it is recommended that Movant's motion be granted on the matter.

11

Accordingly, Movant's Rule 41(g) motion also should be denied as to his personal property. Movant brought his claim under Rule 41(g), and the undersigned expresses "no view as to whether alternative legal avenues may afford [Movant] some relief." Potes Ramirez, 260 F.3d 1316 n.10.

## II. Conclusion

**IT IS RECOMMENDED** that Movant's Rule 41(g) motion, as amended, (Doc. Nos. 36, 41), be **DENIED** as to the forfeited funds and Movant's personal property and be **GRANTED** in part on the remaining items.

**IT IS FURTHER RECOMMENDED** that the government be ordered (1) to release and send to Mr. Ray Nsoedo, 1534 River Main Court, Lawrenceville, GA 30046, the cash card, the Visa card, the two mobile telephones, and the erased SIM cards, and (2) to release and send to the Nigerian Consulate Movant's passport and driver's license.

**IT IS SO RECOMMENDED**, this 14th day of December, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)