IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br><br>v.<br><br>PATRICK. I. CHIKELUBA,<br>     Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   1:10-CR-0196-WBH<br>:<br>:<br>: |

## ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), [Doc. 54 in the Criminal Action], in which the Magistrate Judge recommends that Movant's Fed. R. Crim. P. 41(g) motion for return of his property as amended, [Docs. 36 and 41 in the Criminal Action], be granted in part and denied in part. Movant has filed his objections, and this Court will thus conduct a *de novo* review of those portions of the R&R to which Movant objects.

Authorities arrested Movant at the Atlanta airport after discovering heroin in his possession. Incident to the arrest, officials seized cash and various items of personal property. Movant filed a Rule 41(g) motion for return of the seized items, and, after holding a hearing, the Magistrate Judge now recommends that certain of the items be returned. Movant objects to the Magistrate Judge's recommendations (1) that the Government has no obligation to return $900.00 in cash that was forfeited in his

criminal proceeding and (2) that the Government has no obligation to recompense Movant for a travel bag that an agent destroyed.

With respect to the $900.00 in cash, the Magistrate Judge concluded that Movant could not recover the cash pursuant to Rule 41(g) because the cash was forfeited in a criminal proceeding. Movant objects and asks this Court to construe his motion as a suit brought pursuant to 42 U.S.C. § 1983.[1] While this Court is obliged to construe pro se pleadings liberally, this Court declines to treat this motion brought in a criminal matter as a separate civil suit. Bringing a civil action in this Court has certain requirements, most notably a filing fee (or an application to proceed in forma pauperis) and certain benefits, such as discovery, which are not available in a criminal case. As such, permitting Movant to prosecute a civil action under a criminal style would be complicated and unfair to either Movant, the Government, or both. If Plaintiff desires to file a civil action, he is welcome to do so.

Turning to the destroyed travel bag, the Magistrate Judge concluded that, based on the Eleventh Circuit's holding in United States v. Potes Ramirez, 260 F.3d 1310, 1316 (11th Cir. 2001), Movant cannot recover damages for the bag because the Government and its agents are immune from suit arising out of the detention of goods

---

[1] Technically, but not really material to the current discussion, such a suit would be brought under 28 U.S.C. § 1331.

AO 72A
(Rev.8/82)

or property. The Magistrate Judge conceded that this Court could award an equitable remedy to Movant for the bag, but she was not aware of an appropriate remedy.

Movant's objections about the travel bag merely quibble with the Judge's factual description of events leading up to the destruction of the bag without demonstrating that the Magistrate Judge's recommendation should not be adopted. Movant then repeats his request that this Court construe his motion as a suit brought pursuant to 42 U.S.C. § 1983. Movant has failed to voice a valid argument that the Magistrate Judge erred, and this Court again refuses to open a civil action within this criminal case, especially when all potential defendants would be immune.

Finally, this Court notes that Movant's arguments regarding the fact that he did not receive a copy of the Government's supplemental brief are unavailing because Movant would not be entitled to any relief beyond what the Magistrate Judge recommends, even if this Court were to ignore the Government's pleading.

Accordingly, Movant's objections to the R&R are overruled, and this Court **ADOPTS** as its order the R&R. [Doc. 54 in the Criminal Action]. As such, Movant's Rule 41(g) motion as amended, [Docs. 36 and 41 in the Criminal Action], is **GRANTED IN PART AND DENIED IN PART**. To the extent that it has not already done so, the Government is hereby **ORDERED** to release and send to Mr. Ray Nsoedo, 1534 River Main Court, Lawrenceville, GA, 30046, the cash card, the Visa

card, the two mobile telephones, and the erased SIM cards, and (2) to release and send to the Nigerian Consulate Movant's passport and driver's license.

Movant's motion for an extension, [Doc. 56 in the Criminal Action], is **GRANTED** nunc pro tunc.

**IT IS SO ORDERED**, this 28 day of March, 2013.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

4